UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| HUGO ERNESTO CHAVES, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No.: 3:13-CV-114-TAV-HBG |
| ROBERT EACOTT and AT&T, | ) ) ) | |
| Defendants. | ) ) | |

# MEMORANDUM OPINION

This civil action is before the Court on Robert Eacott's Motion to Dismiss for Failure to State a Claim [Doc. 11], plaintiff's Motion to Temporary Restraining Order [Doc. 23], and plaintiff's Motion for Summary Judgment [Doc. 27]. After these motions were filed, plaintiff, who is proceeding pro se, was afforded leave to file an amended complaint to assert a claim for perjury [Doc. 41], and he filed an amended complaint on December 30, 2013 [Doc. 42]. Since the filing of the amended complaint, defendants have filed motions to dismiss [Docs. 44, 45]. In light of the amended complaint, the Court finds Robert Eacott's Motion to Dismiss for Failure to State a Claim [Doc. 11] is moot. Upon review of the remaining motions and the relevant case law, the Court will deny plaintiff's Motion to Temporary Restraining Order [Doc. 23] and plaintiff's Motion for Summary Judgment [Doc. 27] and grant defendants' motions to dismiss [Docs. 44, 45].

I.      Background

Plaintiff is a former employee of BellSouth Telecommunications, LLC ("BellSouth") which he identifies as "AT&T" in the complaint. He brings this action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, alleging that he was fired in retaliation for having complained about discrimination and seeking to impose liability against both BellSouth and Robert Eacott ("Eacott"), his manager [Doc. 2]. His amended complaint asserts that Eacott committed perjury under 18 U.S.C. §§ 1621–23 [Doc. 42].

Prior to amending his complaint, plaintiff filed a request for injunctive relief, asking the Court to return him to the payroll of defendant BellSouth because he is facing foreclosure of his home and has prevailed on his claim for unemployment compensation [Doc. 23]. He also filed a motion for summary judgment on his Title VII claim [Doc. 27]. Defendants filed responses in opposition [Docs. 25, 33], and plaintiff replied with respect to his motion for summary judgment [Doc 34]. Defendants also filed motions to dismiss the amended complaint [Docs. 44, 45], and plaintiff filed a response to those motions [Doc. 46].

II.     Standards of Review

   A.      Injunctive Relief

Rule 65 of the Federal Rules of Civil Procedure permits a party to seek injunctive relief if he believes he will suffer irreparable harm or injury during the pendency of the action. Fed. R. Civ. P. 65. "A plaintiff seeking a preliminary injunction must establish

2

Case 3:13-cv-00114-TAV-HBG   Document 48   Filed 02/18/14   Page 2 of 8   PageID #: 379

that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities weighs in his favor, and that an injunction is in the public interest." *Langley v. Prudential Mortg. Capital Co.*, 554 F.3d 647 (6th Cir. 2009). A preliminary injunction is "an extraordinary remedy never awarded as of right." *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 20 (2008).

### B. Motions to Dismiss

Federal Rule of Civil Procedure 8(a)(2) sets out a liberal pleading standard, *Smith v. City of Salem*, 378 F.3d 566, 576 n.1 (6th Cir. 2004), requiring only "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the [opposing party] fair notice of what the . . . claim is and the grounds upon which it rests,'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Detailed factual allegations are not required, but a party's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions." *Twombly*, 550 U.S. at 555. "[A] formulaic recitation of the elements of a cause of action will not do," nor will "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In deciding a Rule 12(b)(6) motion to dismiss, a court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, draw all reasonable inferences in favor of the plaintiff, and determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007) (citation

3

omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief will [ultimately] . . . be a context-specific task that requires th[is Court] to draw on its judicial experience and common sense." *Id.* at 679.

Pro se litigants "are held to less stringent [pleading] standards than . . . lawyers in the sense that a *pro se* complaint will be liberally construed in determining whether it fails to state a claim upon which relief could be granted." *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also Haines v. Kerner*, 404 U.S. 519, 520 (1972). Still, this Court's "lenient treatment generally accorded to *pro se* litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). "Neither [this] Court nor other courts . . . have been willing to abrogate basic pleading essentials in *pro se* suits." *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). For instance, federal pleading standards do not permit pro se litigants to proceed on pleadings that are not readily comprehensible. *Cf. Becker v. Ohio State Legal Servs. Ass'n*, 19 F. App'x 321, 322 (6th Cir. 2001) (upholding a district court's dismissal of a pro se complaint containing "vague and conclusory allegations unsupported by material facts").

    C.    **Motion for Summary Judgment**

Summary judgment under Rule 56 of the Federal Rules of Civil Procedure is proper "if the movant shows that there is no genuine dispute as to any material fact and

4

the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the burden of establishing that no genuine issues of material fact exist. *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 n.2 (1986); *Moore v. Phillip Morris Cos., Inc.*, 8 F.3d 335, 339 (6th Cir. 1993). All facts and all inferences to be drawn therefrom must be viewed in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Burchett v. Kiefer*, 301 F.3d 937, 942 (6th Cir. 2002).

"Once the moving party presents evidence sufficient to support a motion under Rule 56, the nonmoving party is not entitled to a trial merely on the basis of allegations." *Curtis Through Curtis v. Universal Match Corp.*, 778 F. Supp. 1421, 1423 (E.D. Tenn. 1991) (citing *Celotex*, 477 U.S. at 317). To establish a genuine issue as to the existence of a particular element, the non-moving party must point to evidence in the record upon which a reasonable finder of fact could find in its favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The genuine issue must also be material; that is, it must involve facts that might affect the outcome of the suit under the governing law. *Id.*

The Court's function at the point of summary judgment is limited to determining whether sufficient evidence has been presented to make the issue of fact a proper question for the factfinder. *Anderson*, 477 U.S. at 250. The Court does not weigh the evidence or determine the truth of the matter. *Id.* at 249. Nor does the Court search the record "to establish that it is bereft of a genuine issue of material fact." *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479–80 (6th Cir. 1989). Thus, "the inquiry performed

5

Case 3:13-cv-00114-TAV-HBG   Document 48   Filed 02/18/14   Page 5 of 8   PageID #: 382

is the threshold inquiry of determining whether there is a need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson*, 477 U.S. at 250.

**III. Analysis**

    **A. Motions to Dismiss**

Both Eacott and BellSouth move the Court to dismiss plaintiff's claim for perjury for failure to state a claim upon which relief may be granted [Docs. 44, 45]. The Court agrees with defendants that there is no civil claim for perjury. *See Allen v. Ross*, No. 2:13-cv-00687 GEB KJN PS, 2013 WL 2103636, at *3 (E.D. Cal. May 14, 2013); *Holt v. Parker*, No. 2:12-cv-424, 2012 WL 3527710, at *2 (S.D. Ohio Aug. 15, 2012); *Smith-Ealy v. Loe*, No. 09-cv-1737, 2010 WL 65032, at *2 (W.D. La. Jan. 4, 2010); *Ellis v. Safranek*, No. 8:07CV118, 2008 WL 413863, at *3 (D. Neb. Feb. 13, 2008). Moreover, there is no cause of action for perjury under state law. *See Lackey v. Carson*, 886 S.W.2d 232, 232 (Tenn. Ct. App. 1994).

Eacott also moves the Court to dismiss the Title VII claim against him because he cannot be held individually liable [Docs. 11, 45]. In his complaint, plaintiff alleges Eacott was "area manager and my second level boss; my boss' boss" [Doc. 2]. Courts have consistently held that Title VII does not impose liability on supervisors and other managers. *Little v. BP Exploration & Oil Co.*, 265 F.3d 357, 362 (6th Cir. 2001); *Galloway v. The Univ. of Tenn.*, No. 3:06-CV-00461, 2007 WL 2263103, at *3 (E.D.

Tenn. Aug. 2, 2007); *Thompson v. Blount Mem'l Hosp.*, No. 3:06-CV-228, 2006 WL 3098787, at *2 (E.D. Tenn. Oct. 30, 2006).

   B.   **Motion for Summary Judgment**

Plaintiff moves the Court for summary judgment on his Title VII claim. The Court need address this motion with respect to BellSouth only, as it has found the complaint fails to state a Title VII claim against Eacott.

Summary judgment in favor of a plaintiff in a discrimination or retaliation case is "exceedingly rare." *Thomas v. Wash. Metro. Area Transit Auth.*, 907 F. Supp. 2d 144, 148–49 (D.D.C. 2012). This is especially the case where "individuals who allegedly took the discriminatory/retaliatory acts deny that discrimination or retaliation motivated their actions, because no one else knows precisely what went on inside their minds" and "it is difficult (if not impossible) for there not to be a question of fact as to what actually motivated them." *Id.* That is the case here; Eacott has denied that he was motivated to fire plaintiff in retaliation for prior complaints of discrimination [*See* Doc. 30-1].

Regardless, plaintiff's summary judgment motion does not demonstrate a lack of genuine dispute as to any material fact regarding the causal connection between his protected activity and the termination of his employment. *See Fuhr v. Hazel Park Sch. Dist.*, 710 F.3d 668, 674 (6th Cir. 2013) (setting forth elements for a prima facie case of retaliation). For example, because plaintiff's unemployment compensation decision is not conclusive in any separate or subsequent action, it cannot form the basis for the causal connection. Tenn. Code Ann. § 50-7-304(k). *See also Featherston v. Charms*

7

*Co.*, No. 04-2157M1/P, 2005 WL 1364621, at *5–6 (W.D. Tenn. May 10, 2005) (rejecting plaintiff's argument that employer was collaterally estopped from challenging factual findings made in an unemployment compensation hearing). Moreover, even if plaintiff established a prima facie case, BellSouth has brought forth evidence of a non-retaliatory reason for terminating plaintiff, and plaintiff has not met his burden of demonstrating the reason was pretext.

C. **Motion for Injunction**

In light of the findings with respect to the motion for summary judgment and the motions to dismiss, the Court finds that plaintiff has not demonstrated a strong likelihood of success on the merits. Moreover, the Court finds that plaintiff has not shown that he will suffer irreparable injury in the absence of injunctive relief because the Sixth Circuit has determined that loss of income does not constitute irreparable harm. *See Overstreet v. Lexington-Fayette Urban Cnty. Gov't*, 305 F.3d 566, 579 (6th Cir. 2002).

IV. **Conclusion**

For the reasons stated herein, the Court will **DENY** plaintiff's Motion to Temporary Restraining Order [Doc. 23] as well as plaintiff's Motion for Summary Judgment [Doc. 27] and **GRANT** BellSouth's motion to dismiss [Doc. 44] and Robert Eacott's motion to dismiss [Doc. 45]. Plaintiff's claim for perjury and defendant Robert Eacott will be **DISMISSED**.

ORDER ACCORDINGLY.

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE

8