UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| HUGO ERNESTO CHAVES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:13-CV-114-TAV-HBG |
| | ) | |
| ROBERT EACOTT, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and the parties' consent.

Now before the Court is Plaintiff's Motion to Add Party [Doc. 52], in which Plaintiff moves the Court permit him to amend his Complaint to add a new party: Bellsouth Telecommunications, LLC ("Bellsouth").

Pursuant to Local Rule 15.1:

> A party who moves to amend a pleading shall attach a copy of the proposed amended pleading to the motion. Any amendment to a pleading, whether filed as a matter of course or upon a motion to amend, shall, except by leave of Court, reproduce the entire pleading as amended and may not incorporate any prior pleading by reference. A failure to comply with this rule may be grounds for denial of the motion.

E.D. Tenn. L.R. 15.1.

The Plaintiff has not attached a copy of his new complaint nor has he stated with any specificity the claims the he seeks to litigate against Bellsouth. While the Court acknowledges that it is appropriate to afford *pro se* litigants degree of latitude, see Boswell v. Mayer, 169 F.3d 384, 387 (6th Cir. 1999), the Court has previously advised the Plaintiff of the application of Rule

15.1 in this case. [See Doc. 41, Dec. 21. 2013]. In its previous Order, the Court waived the requirements of Local Rule 15.1, but the Court stated:

> The Plaintiff **SHALL NOT** interpret the degree of latitude afforded to Plaintiff herein as endorsing Plaintiff's failure to adhere to the Local Rules. It is well-established that a "pro se litigant may not flagrantly ignore relevant procedural or substantive rules of law." Baldwin v. United Nations Sec. Council, 2012 WL 529554 (S.D. Ohio Feb. 17, 2012). The Plaintiff will be expected to comply with any applicable Local Rules and the Federal Rules of Civil Procedure in future filings.

[Id. at n. 1]. The Court finds that it is not appropriate to again permit the Plaintiff to ignore the applicable local rules. The Court, therefore, finds that Plaintiff has not complied with Local Rule 15.1, and his motion may be denied on this basis alone.

Additionally, it appears to the undersigned that AT&T is already treating the Plaintiff's claims as having been brought against Bellsouth. Given AT&T's actions purportedly on behalf of Bellsouth and the underdeveloped nature of Plaintiff's request for relief, the Court is unable to determine whether revising the Complaint to add Bellsouth is appropriate under Rule 15 of the Federal Rules of Civil Procedure.

Based upon the foregoing, the Motion to Add Party/Amend **[Doc. 52]** is **DENIED WITHOUT PREJUDICE**, to allow re-filing of the same in accordance with Local Rule 15.1 and Rule 15 of the Federal Rules of Civil Procedure. If Plaintiff seeks to re-file this motion or any similar motion, he must file such on or before **April 4, 2014.**

**IT IS SO ORDERED**.

ENTER:

    s/ H. Bruce Guyton
United States Magistrate Judge

2

Case 3:13-cv-00114-TAV-HBG   Document 58   Filed 03/25/14   Page 2 of 2   PageID #: 701